# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **ARIANA MONTANO-HERNANDEZ,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **MARY DE ANDA-YBARRA, ACTING** | § | |
| **DIRECTOR OF EL PASO FIELD** | § | |
| **OFFICE, U.S. IMMIGRATION AND** | § | **No.  3:26-CV-00435-LS** |
| **CUSTOMS ENFORCEMENT;** | § | |
| **WARDEN, EL PASO PROCESSING** | § | |
| **SERVICE CENTER, KRISTI NOEM,** | § | |
| **SECRETARY, U.S. DEPARTMENT OF** | § | |
| **HOMELAND SECURITY; AND** | § | |
| **PAMELA BONDI, ATTORNEY** | § | |
| **GENERAL OF THE UNITED STATES,** | § | |
| **IN THEIR OFFICIAL CAPACITIES,** | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING MOTION TO AMEND JUDGMENT

Petitioner Ariana Montano-Hernandez moves to amend the Court's judgment denying the petition for a writ of habeas corpus under Federal Rule of Civil Procedure 59(e). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence,'" but "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[1] The Court relied on *Demore*'s reasoning, along with other cases, to conclude that "*limited* civil detention, without bond, is constitutional as applied to deportable aliens,"[2] including those in removal proceedings.[3] Therefore, 8 U.S.C. §

---

[1] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

[2] *Ly v. Hansen*, 351 F.3d 263, 267–68 (6th Cir. 2003) (citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)).

[3] *See Demore v. Kim*, 538 U.S. 510, 513 (2003) ("Congress, justifiably concerned that deportable criminal aliens who are not detained continue to engage in crime and fail to appear for their removal hearings in

1225(b)(2)(A)'s mandatory detention requirement is constitutional and comports with Due Process as applied to Petitioner. The Court accordingly **DENIES** Petitioner's motion to amend the judgment [ECF No. 9].

      **SO ORDERED**.

      **SIGNED** and **ENTERED** on April 15, 2026.

                                    **LEON SCHYDLOWER**
                                    **UNITED STATES DISTRICT JUDGE**

---

large numbers, may require that persons such as respondent be detained for the brief period necessary for their removal proceedings.").

2